IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **I N D I C T M E N T** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:19 CR 761 |
| DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON, JOJUAN HUNDLEY, | ) ) ) ) ) ) | Title 18, United States Code Sections 371, 922(a)(6), 1029(a)(2), 1029(a)(3), 1029(a)(4), 1028A(a)(1), 1344 and 2 |
| Defendants. | ) ) | JUDGE GWIN |

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendants DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON and JOJUAN HUNDLEY resided in the Northern District of Ohio, Eastern Division.

2. A "credit card reader/writer/encoder" is an electronic device designed to read and rewrite the electronic data contained on the magnetic strip of a credit or debit card. These devices are capable of reading, decoding, verifying and rewriting data on all three "tracks" contained within the magnetic strips on credit cards, debit cards, loyalty cards, gift cards, employee ID cards and electronic hotel room keys. "Track data" includes the cardholder's full name, credit card number, primary account number, card expiration date and country code.

3. A "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a

person's name, Social Security Account number, date of birth, or state or government issued driver's license or identification number.

    4.    As defined in Title 18, United States Code, Section 1029(e):

    a.    "Access Device" includes any card, plate, code, account number, electronic serial number, personal identification number or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

    b.    "Counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device;

    c.    "Unauthorized access device" means any access device that is lost, stolen, expired, revoked, cancelled or obtained with the intent to defraud;

    d.    "Produce" includes design, alter, authenticate, duplicate or assemble;

    e.    "Traffic" means transfer, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of;

    f.    "Device making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

COUNT 1
(Conspiracy, 18 U.S.C. § 371)

The Grand Jury charges:

5. The allegations set forth in paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference.

6. Beginning on or before November of 2018 and continuing to on or about October 2019, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON, and JOJUAN HUNDLEY did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other, and with others both known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit:

    a. to knowingly and with the intent to defraud, traffic in and use, and attempt to traffic in and use, one or more unauthorized access devices during any one year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, such conduct affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2);

    b. to knowingly and with intent to defraud, possess fifteen or more devices that are counterfeit or unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3);

    c. to knowingly and with the intent to defraud, produce, traffic in, have control or custody of, and possess device making equipment, in violation of Title 18, United States Code, Section 1029(a)(4);

    d.    to knowingly transfer, possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowing that the means of identification was that of another person, in violation of Title 18, United States Code, Section 1028A(a)(1); and

    e.    to knowingly execute and attempt to execute a scheme and artifice to defraud JP Morgan Chase Bank and to obtain money under the custody and control of JP Morgan Chase Bank by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

OBJECT OF THE CONSPIRACY

    7.    It was the object of the conspiracy that Defendants and their co-conspirators enriched themselves and others by: (i) obtaining stolen credit card account information and then re-encoding that account information and other means of identification onto counterfeit access devices' magnetic strips; (ii) distributing said cards to other members of the conspiracy for the purpose of purchasing firearms and other things of value and paying for hotel stays, without the knowledge or approval of the true account holders; and (iii) using stolen credit card numbers and bank account information, without the knowledge of the true account holders, to pay bills for others in exchange for money; and (iv) attempting to conceal their fraudulent activity from the public and from law enforcement authorities.

## MANNER AND MEANS

8. It was part of the conspiracy that:

    a. Defendants, and others known and unknown to the Grand Jury, obtained credit card and bank account information from the internet and encoded these access devices onto blank or existing credit cards owned by members of the conspiracy.

    b. Defendants, and others known and unknown to the Grand Jury, used these unauthorized and counterfeit access devices to purchase services and things of value, such as firearms, hotel stays, and merchandise, under false pretenses that the transactions were lawful.

    c. Defendants, and others known and unknown to the Grand Jury, under false and fraudulent pretenses, paid bills for others known and unknown to the Grand Jury using unlawfully obtained credit card and bank account information and other means of identification in exchange for money.

## OVERT ACTS

9. In furtherance of the conspiracy and to effect its unlawful objects, the Defendants, and others unknown to the Grand Jury, committed the following overt acts, among others, in the Northern District of Ohio, Eastern Division, and elsewhere:

    a. On or about November 23, 2018, TERON DIXON purchased a firearm for DESHAWN MASSEY, JR., using credit card number ending in 8408.

    b. On or about November 25, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 7640.

c.  On or about November 27, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card ending in 7776.

d.  On or about November 29, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using fraudulent credit card numbers ending in 0985 and 6005.

e.  On or about December 2, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 0985.

f.  On or about December 2, 2018, DESHAWN MASSEY, JR. purchased firearm accessories using a fraudulent credit card numbers ending in 0985.

g.  On or about December 5, 2018, DESHAWN MASSEY, JR. stayed at the Double Tree Hotel in Independence, Ohio, and paid for this stay using a fraudulent credit card number ending in 2197.

h.  On or about December 10, 2018, TERON DIXON purchased a firearm and firearm accessories using fraudulent credit card numbers ending in 3389 and 7282.

i.  On or about December 10, 2018, DESHAWN MASSEY, JR. purchased firearm accessories using fraudulent credit card number ending in 3389.

j.  On or about December 11, 2018, TERON DIXON purchased a firearm using fraudulent credit card ending in 7282 and attempted to purchase a second firearm for DESHAWN MASSEY, JR., using a fraudulent credit card.

k.  On or about December 11, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 3389.

l.  On or about December 13, 2018, TERON DIXON and DESHAWN MASSEY, JR. purchased firearm accessories using a fraudulent credit card number ending in 0312.

m.  On or about December 14, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using fraudulent credit card numbers ending in 0910 and 8470.

n.  On or about On December 17, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 2572.

o.  On or about December 18, 2018, TERON DIXON purchased a firearm and firearm accessories using fraudulent credit card numbers ending in 9246 and 5458.

p.  On or about December 20, 2018 through December 30, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using fraudulent credit card numbers ending in 8739 and 9661.

q.  On or about December 21, 2018, JOJUAN HUNDLEY checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 6981.

r.  On or about December 22, 2018, DESHAWN MASSEY, JR. purchased a firearm accessory using a fraudulent credit card number ending in 7291.

s.      On or about December 22, 2018, JOJUAN HUNDLEY purchased a firearm using fraudulent credit card numbers ending in 7141 and 5747.

t.      On or about December 24, 2018, JOJUAN HUNDLEY checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 7282.

u.      On or about December 28, 2018, TERON DIXON checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 6395.

v.      On or about December 30, 2018, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Independence, Ohio, and paid for the stay using a fraudulent credit card number ending in 4306.

w.      On or about January 1, 2019, JOJUAN HUNDLEY checked into the Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 7594.

x.      On or about January 4, 2019, DESHAWN MASSEY, JR. and JOJUAN HUNDLEY checked into the Double Tree Hotel in Beachwood, Ohio, and paid for the stays using fraudulent credit card numbers ending in 1351 and 4417, and attempted to use a credit card number ending in 7265.

y.      On or about January 5, 2019, DESHAWN MASSEY, JR. checked into the Double Tree Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 2060.

z.      On or about January 29, 2019, DESHAWN MASSEY, JR. checked into the Home 2 Suites by Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 8037.

aa.     On or about February 1, 2019, JOJUAN HUNDLEY checked into Home 2 Suites by Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 9316.

bb.     On or about February 2, 2019, DESHAWN MASSEY, JR. checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 4642.

cc.     On or about February 3, 2019, JOJUAN HUNDLEY checked into the Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 6573 and attempted to use fraudulent credit card ending in 4480.

dd.     On or about February 3, 2019, THOMAS DEBARDELABEN also checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using fraudulent credit card numbers ending in 9446 and 9957, and attempted to use fraudulent credit card number ending in 2158.

ee.     On or about February 5, 2019, DESHAWN MASSEY, JR. checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 4367.

ff.     On or about February 7, 2019, DESHAWN MASSEY, JR. checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a

fraudulent credit card number ending in 4230, and attempted to use fraudulent credit card numbers ending in 9056 and 0222.

gg. On or about February 8, 2019, THOMAS DEBARDELABEN checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 7845, after he attempted to use fraudulent credit card numbers ending in 1674, 3985, 7276, and 7675.

hh. On or about February 9, 2019, THOMAS DEBARDELABEN purchased a firearm using fraudulent credit card numbers ending in 4249 and 8119. He also purchased ammunition using a fraudulent credit card number ending in 4249.

ii. On or about February 10, 2019, THOMAS DEBARDELABEN checked into the Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 4565, after he attempted to use another fraudulent credit card number ending in 3618.

jj. On or about February 10, 2019, THOMAS DEBARDELABEN also purchased a rifle and other firearms accessories using fraudulent credit card numbers ending in 6669 and 7400.

kk. Between on or about February 9, 2019 and on or about February 13, 2019, THOMAS DEBARDELABEN and DESHAWN MASSEY, JR. accessed the online accounts of a person known to the Grand Jury in order to pay her bills using the means of identification from a stolen JP Morgan Chase Bank checking account number ending in 1767, in exchange for money.

ll. Between on or about February 9, 2019 and on or about February 13, 2019, THOMAS DEBARDELABEN and DESHAWN MASSEY, JR. accessed the

10

online accounts of a person known to the Grand Jury in order to pay her bills using the means of identification from a stolen JP Morgan Chase Bank savings account number ending in 1870, in exchange for money.

mm. On or about February 13, 2019, DESHAWN MASSEY, JR. checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 4375, after he attempted to use another fraudulent credit card number ending in 6123 and a credit card number ending in 4306.

nn. On or about February 13, 2019, THOMAS DEBARDELABEN checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and attempted to pay for the stay using fraudulent credit card numbers ending in 9582 and 6325.

oo. On or about February 13, 2019, THOMAS DEBARDELABEN purchased a firearm and magazines using fraudulent credit card numbers ending in 2964 and 1536.

pp. On or about February 14, 2019, JOJUAN HUNDLEY checked into Home 2 Suites By Hilton Hotel in Beachwood, Ohio, and paid for the stay using a fraudulent credit card number ending in 7207.

qq. On or about February 14, 2019, DESHAWN MASSEY, JR. purchased a firearm using a fraudulent credit card number ending in 4347.

rr. On or about February 15, 2019 to February 16, 2019, an individual not named in the Indictment but known to the Grand Jury and a close associate to those named in the Indictment checked into Home 2 Suites by Hilton Hotel in

Beachwood, Ohio, and paid for the stay using a fraudulent credit card ending in 5037.

ss.   On or about February 16, 2019, DESHAWN MASSEY, JR. possessed numerous blank credit cards, firearms, extended magazines, and a credit card reader/writer/encoder.

tt.   On or about February 16, 2019, DESHAWN MASSEY, JR. and JOJUAN HUNDLEY both possessed multiple counterfeit or unauthorized access devices on their persons.

uu.   On February 19, 2019, an individual not named in the Indictment but known to the Grand Jury and a close associate to those named in the Indictment purchased a firearm using a fraudulent credit card number ending in 0794.

vv.   On or about October 10, 2019, DESHAWN MASSEY, JR. paid a traffic violation fine for an individual not named in the Indictment but known to the Grand Jury by fraudulently using credit card number ending in 2132 without the actual account holder's permission.

ww.   On or about October 31, 2019, DESHAWN MASSEY, JR. possessed the means of identification of at least ten persons, including names, addresses, and credit card account numbers.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(False Statement during Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 2)

The Grand Jury further charges:

10.   On or about September 7, 2018, in the Northern District of Ohio, Eastern Division, Defendants TERON DIXON and DESHAWN MASSEY, JR., aka RALPHIE

12

GIANNI, aiding and abetting one another, in connection with the acquisition of a firearm, to wit: a Glock, Model 19, 9 mm caliber pistol, serial number BFMN606, from On Target Firearms, LLC, 5907 State Road, Parma, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that Defendant TERON DIXON did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6) and 2.

## COUNT 3
(False Statement during Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 2)

The Grand Jury further charges:

11. On or about November 23, 2018, in the Northern District of Ohio, Eastern Division, Defendants TERON DIXON and DESHAWN MASSEY, JR., aka RALPHIE GIANNI, aiding and abetting one another, in connection with the acquisition of a firearm, to wit: a Glock, Model 19, 9 mm caliber pistol, serial number BGUP849, from On Target Firearms, LLC, 5907 State Road, Parma, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that Defendant TERON DIXON did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he

was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 4
(False Statement during Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 2)

The Grand Jury further charges:

12. On or about December 10, 2018, in the Northern District of Ohio, Eastern Division, Defendants TERON DIXON and DESHAWN MASSEY, JR., aka RALPHIE GIANNI, aiding and abetting one another, in connection with the acquisition of a firearm, to wit: a Glock, Model 19, 9 mm caliber pistol, serial number BHXC780 from Select Fire Training Center, 1267 West Bagley Road, Berea, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that Defendant TERON DIXON did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 5
(False Statement during Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 2)

The Grand Jury further charges:

13. On or about December 11, 2018, in the Northern District of Ohio, Eastern Division, Defendants TERON DIXON and DESHAWN MASSEY, JR., aka RALPHIE GIANNI, aiding and abetting one another, in connection with the acquisition of a firearm, to wit: a Glock, Model 19, 9 mm caliber pistol, serial number BHUK936 from On Target Firearms,

14

LLC, 5907 State Road, Parma, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that Defendant TERON DIXON did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 6
(False Statement during Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 2)

The Grand Jury further charges:

14. On or about December 18, 2018, in the Northern District of Ohio, Eastern Division, Defendants TERON DIXON and DESHAWN MASSEY, JR., aka RALPHIE GIANNI, aiding and abetting one another, in connection with the acquisition of a firearm, to wit: a Glock, Model 45, 9 mm caliber pistol, serial number BKDY848 from Select Fire Training Center, 1267 West Bagley Road, Berea, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that Defendant TERON DIXON did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

COUNT 7
(False Statement during Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 2)

The Grand Jury further charges:

15. On or about January 5, 2019, in the Northern District of Ohio, Eastern Division, Defendants TERON DIXON and DESHAWN MASSEY, JR., aka RALPHIE GIANNI, aiding and abetting one another, in connection with the acquisition of a firearm, to wit: a Glock, Model 19x, 9 mm caliber pistol, serial number BHXC783 from Select Fire Training Center, 1267 West Bagley Road, Berea, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that Defendant TERON DIXON did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

COUNT 8
(False Statement during Purchase of a Firearm, 18 U.S.C. § 922(a)(6))

The Grand Jury further charges:

16. On or about October 19, 2019, in the Northern District of Ohio, Eastern Division, Defendant THOMAS DEBARDELABEN, in connection with the acquisition of a firearm, to wit: a Charles Daly Defense (Chiappa Firearms), Model PAK-9, 9 mm caliber pistol, serial number RONVMB71707115 from Sticks and Stones Armory, 14235 Bass Lake Road, Newbury, Ohio, a federally licensed dealer of firearms, did knowingly and unlawfully make and cause to be made false and fictitious statements, intended and likely to deceive said dealer with respect to

facts material to the lawfulness of the sale and acquisition of said firearm under the provisions of Chapter 44, Title 18 of the United States Code, in that THOMAS DEBARDELABEN did knowingly state and represent on Federal Firearms Transaction Records, that is, ATF Form 4473, that he was the actual buyer of said firearm, when in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

COUNT 9
(Access Device Fraud – Using Unauthorized Access Devices, 18 U.S.C. §§ 1029(a)(2) and 2)

The Grand Jury further charges:

17. The allegations set forth in paragraphs 1 through 4 and 9 of this Indictment are re-alleged and incorporated by reference.

18. Between on or about November 23, 2018 and continuing through on or about October 31, 2019, in the Northern District of Ohio, Eastern Division, Defendants DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON, and JOJUAN HUNDLEY, aiding and abetting one another, did knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices, as defined in Title 18, United States Code, Section 1029(e)(3), during a one year period, to obtain goods and services valued at $1,000 or more, such use affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(2), and 2.

COUNT 10
(Access Device Fraud – Possession of 15 or More Devices, 18 U.S.C. §§ 1029(a)(3) and 2)

The Grand Jury further charges:

19. The allegations set forth in paragraphs 1 through 4 and 9 of this Indictment are re-alleged and incorporated by reference.

20. On or about November 23, 2018 and continuing through on or about October 31, 2019, in the Northern District of Ohio, Eastern Division, Defendants DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON, and JOJUAN HUNDLEY, aiding and abetting one another, with the intent to defraud, did knowingly possess 15 or more devices which were counterfeit or unauthorized access devices, as defined in Title 18, United States Code, Section 1029(e)(2) and (e)(3), said conduct affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT 11
(Access Device Fraud – Device-Making Equipment, 18 U.S.C. §§ 1029(a)(4) and 2)

The Grand Jury further charges:

21. The allegations set forth in paragraphs 1 through 4 and 9 of this Indictment are re-alleged and incorporated by reference.

22. On or about February 16, 2019, in the Northern District of Ohio, Eastern Division, Defendants DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON, and JOJUAN HUNDLEY, aiding and abetting one another, did knowingly and with the intent to defraud, have control and custody of, and possess device making equipment, as defined in Title 18, United States Code, § 1029(e)(6), specifically, a credit card reader, writer, and encoder, such conduct affecting interstate or foreign commerce, in violation of Title 18, United States Code, §§ 1029(a)(4) and 2.

## COUNT 12
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

23. The allegations set forth in paragraphs 1 through 4 and 9 of this Indictment are re-alleged and incorporated by reference.

24. Between on or about November 23, 2018 and on or about October 31, 2019, in the Northern District of Ohio, Eastern Division, Defendants DESHAWN MASSEY, JR., aka RALPHIE GIANNI, THOMAS DEBARDELABEN, TERON DIXON, and JOJUAN HUNDLEY, aiding and abetting one another during and in relation to felony violations of Title 18, United States Code, §§ 922(a)(6), 1029(a)(2), 1029(a)(3) and 1029(a)(4), knowingly transferred, possessed and used, without lawful authority, a means of identification of one or more other individuals, and knowingly aided and abetted the transfer, possession and use, without lawful authority, of the means of identification of another person, knowing that said means of identification belonged to one or more other persons, in violation of Title 18, United States Code, §§ 1028A(a)(1) and 2.

COUNT 13<br>(Bank Fraud, 18 U.S.C. §§ 1344 and 2)

The Grand Jury further charges:

25. The allegations set forth in paragraphs 1 through 4 and 9 of this Indictment are re-alleged and incorporated by reference.

26. At all times material to this count, JP Morgan Chase Bank was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the FDIC.

27. Between on or about February 9, 2019 and on or about February 10, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants THOMAS DEBARDELABEN and DESHAWN MASSEY, JR., knowingly executed, attempted to execute, and knowingly aided and abetted the execution and attempted execution of a scheme and artifice to defraud JP Morgan Chase Bank, and to obtain money, funds, credits, assets, or other property

owned by or under the custody and control of JP Morgan Chase Bank by means of false and fraudulent pretenses, representations, and promises.

28. It was part of the scheme that DESHAWN MASSEY, JR., obtained bank account information of an account holder at JP Morgan Chase Bank. The accounts held at JP Morgan Chase bank included checking account number ending in 1767 and saving account number ending in 1870.

29. It was further part of the scheme that THOMAS DEBARDELABEN accessed online credit card, cell phone, home rental and other accounts of individuals known to the Grand Jury, for the purpose of paying those online bills in exchange for money.

30. It was further part of the scheme that THOMAS DEBARDELABEN, without the knowledge or authorization of the true account holder for accounts held at JP Morgan Chase Bank, fraudulently caused or attempted to cause transfers of funds from checking account number ending in 1767 totaling approximately $4,065.11 and from savings account number ending in 1870 totaling approximately $4,812.21 for the purpose of making online payments to other persons' credit card, cell phone, home rental and other bills.

31. As a result of the scheme and artifice, the intended loss to JP Morgan Chase Bank was approximately $8,877.32.

All in violation of Title 18, United States Code, Sections 1344 and 2.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.